**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RYAN P. GIVEY,** | : | **CIVIL ACTION** |
| *Petitioner, pro se*, | : | |
| | : | **NO. 25-0943** |
| **v.** | : | |
| | : | |
| **PAMELA BONDI,** *et al.*, | : | |
| *Respondents*. | : | |

NITZA I. QUIÑONES ALEJANDRO					DECEMBER 30, 2025

## MEMORANDUM OPINION

Ryan P. Givey ("Petitioner"), proceeding *pro see*, filed a petition for a writ of *mandamus* ("Petition") on February 21, 2025, requesting that this Court "compel the Attorney General, Pam Bondi, Acting United States Attorney Nelson Thayer, Jr.[,] and FBI Director Kashyap Patel (collectively, "Respondents") to take a criminal complaint from [Petitioner] and to review the evidence of federal crimes brought forth by [Petitioner] or, in the alternative . . . assign a special prosecutor or convene a grand jury to investigate these crimes." (ECF 1 at ¶ 2). Petitioner also requests "the Federal District Court for the Eastern District of Pennsylvania to provide [Petitioner] and his family witness protection." (ECF 1 at ¶ 2).

Before the Court are Respondents' motion to dismiss, (ECF 16), and Petitioner's response in opposition, (ECF 18). In their motion, Respondents argue that the complaint be dismissed for (a) lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1); (b) failure to state a claim under Rule 12(b)(6), and (c) *res judicata*, consistent with a prior ruling in another similar case involving the same Petitioner and the same grievances. (ECF 16-1 at 4-15). In his opposition, Petitioner argues that he has a "Constitutional Right to make a criminal complaint," and is being denied that right, (*see e.g.*, ECF 18 at ¶¶ 7, 16, 22, 23, 29, 32, 34, 40, 47),

and because "[s]ometimes Courts reach the wrong conclusion." (*Id.* at ¶ 59). For the reasons set forth herein, Petitioner is mistaken. Because no error was previously made and Petitioner has not brought a cognizable claim for which this Court has subject matter jurisdiction, Petitioner's complaint is dismissed pursuant to Rule 12(b)(1).[1]

**BACKGROUND**

When ruling on a motion to dismiss under Rule 12(b)(1), a court must accept as true all well-pleaded facts in the petition. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *see also Alvarez v. Raufer*, 2020 WL 1233565, at *4 (E.D. Pa. Mar. 12, 2020) (applying the same standard a motion to dismiss petition to a writ of *mandamus*).

The relevant facts, as best discerned from the Petition, are summarized as follows:

> In his Petition, Petitioner details an elaborate criminal conspiracy theory, essentially alleging that the Department of Justice, the Federal Bureau of Investigation, law enforcement officers, attorneys involved in various lawsuits related to Petitioner, and members of organized criminal syndicates are targeting Petitioner and his family. (*See, e.g.*, ECF ¶¶ 13-164). Specifically, Petitioner believes that he is being targeted by a group of bad actors who have "broken into" his home, "tampered" and drugged his and his family's food, (*id.* at ¶ 19), and conducted other unlawful acts against him. Petitioner avers that his "claims of the FBI and DOJ protecting allies and large donors to the Democratic party from criminal investigation and being attacked as a whistleblower is not a 'bizarre conspiracy theory', as stated by the Obama-appointed judge in District Court who dismissed [Petitioner's] previous case on summary judgement but, instead, the subject of Congressional Hearings and a matter of public concern and federal controversy."[2] (*Id.* at ¶ 21).

---

[1]  As of the date of this Order, Petitioner has brought eight (8) "emergency" motions; five of these motions seek disqualification of Respondents' attorneys, (ECF 23, 24, 25, 27, 28), and three of these motions seek an expediated decisions to place Petitioner and his family in witness protection, (ECF 19, 20, 21). Petitioner has also filed a notice of appeal, (ECF 29), despite the fact that this Court has yet to issue a decision on his petition.

[2]  Petitioner appears to be referring to this Court's decision in one of Petitioner's prior cases in which he brought very similar conspiratorial claims. *See Givey v. Dep't of Just., E. Dist. of PA*, No. CV 22-0298, 2023 WL 4551569, at *2 (E.D. Pa. July 14, 2023), *aff'd sub nom. Givey v. United States Dep't of Just.*, No. 23-2330, 2023 WL 8889553 (3d Cir. Dec. 26, 2023), *cert. denied sub nom. Givey v. Dep't of Just.*, 145 S. Ct. 179 (2024).

Petitioner contends that he has not yet received any response to the Petition, and fears for his and his family's safety as a result of the alleged criminal conspiracy against him. Consequently, Petitioner filed the underlying *mandamus* Petition, asking this Court to (1) compel the Attorney General of the United States ("Attorney General") and others to "take a criminal complaint from [Petitioner] and review evidence of federal crimes brought forth by [Petitioner]" or, alternatively, assign a special prosecutor or convene a grand jury to investigate Petitioner's alleged crimes; and (2) place Petitioner and his family in witness protection. (*Id.* ¶ 2).

**LEGAL STANDARD**

*Standard of Review under Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and without jurisdiction conferred by either the Constitution or by statute, courts lack the power to adjudicate claims. United State Const. Art. III, § 2. A case is properly dismissed for lack of subject matter jurisdiction when the court does not have either the statutory or the constitutional power to adjudicate the case. *See id.* In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (citations omitted). In other words, a facial challenge attacks the sufficiency of the pleading on its face without contesting its alleged facts. When a Rule 12(b)(1) motion is filed prior to an answer, as in this case, the motion will be considered a facial challenge to jurisdiction. *Const. Party*, 757 F.3d at 358. In reviewing a facial challenge, "the court must only consider the allegations of the [petition] and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."

*Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). The burden of establishing the court's subject matter jurisdiction rests with the party asserting its existence — here, Petitioner. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

Some claims are "so insubstantial, implausible,. . . or otherwise completely devoid of merit as not to involve a federal controversy." *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974). Federal courts lack power to entertain such claims. A claim meets the standard for dismissal if it is "obviously without merit" or its unsoundness so clearly results from previous Supreme Court decisions "as to foreclose the subject." *Cal. Water Serv. Co. v. City of Redding*, 304 U.S. 252, 255 (1938) *(per curiam)*; *see also Davis v. Wells Fargo*, 824 F.3d 333, 350 (3d Cir. 2016) (explaining 12(b)(1) may apply to dismiss claims "for lack of jurisdiction due to merits-related defects" in narrow circumstances, including when a claim is "wholly insubstantial and frivolous") (internal quotation marks and citation omitted).

"[C]ourts must accord special care to *pro se* claimants." *In re Energy Future Holdings Corp.*, 949 F.3d 806, 824 (3d Cir. 2020) (internal quotation marks and citation omitted). The Court must liberally construe *pro se* filings, holding them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "even where, as here, a *pro se* plaintiff has paid the full filing fee, the Court may still dismiss a complaint that lacks merit or is plainly frivolous, for lack of subject matter jurisdiction under Rule 12(b)(1)." *See DeGrazia v. FBI*, 316 F. App'x 172, 173 (3d Cir. 2009) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)); *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–09 (3d Cir. 1991); *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

*Standard of Review under Rule 12(b)(6)*

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

*Standard of Review under the doctrine of Res Judicata*

"The doctrine of *res judicata* "'protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy by preventing needless litigation.'" *Stolarick v. Keycorp*, 2017 WL 4642312, at *3 (E.D. Pa. Oct. 17, 2017) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 (1979)). "For the doctrine of *res*

*judicata* to apply, the following three requirements must be met: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Id.* (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)).

**DISCUSSION**

A party may seek *mandamus* relief from a federal court pursuant to 28 U.S.C. § 1361, to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *McDonald v. Kassis*, 2023 WL 1784749, at *2 (E.D. Pa. Feb. 3, 2023) (citing *Elansari v. Pennsylvania*, No. 21-1200, 2022 WL 58539, at *2 (3d Cir. Jan. 6, 2022)). However, the remedy of *mandamus* is a drastic measure "to be invoked only in extraordinary situations." *Erving v. Ebbert*, 2013 WL 393371, at *3 (M.D. Pa. Jan. 31, 2013) (citing *Stehney v. Perry*, 101 F. 3d 925, 935 (3d Cir. 1996)). Thus, the party seeking the issuance of a writ of *mandamus* must show that the right to the issuance of a writ is "clear and indisputable" by demonstrating that said party is owed "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *Id.* (quoting *Volcy v. United States*, 469 F. App'x 82, 83–84 (3d Cir. 2012)).

As noted, Petitioner's petition for writ of *mandamus* seeks this Court to "compel the Attorney General, Pam Bondi, Acting United States Attorney Nelson, Thayer, Jr. and FBI Director Kashyap Patel to take a criminal complaint from [Petitioner] and review evidence of federal crimes brought forth by [Petitioner] or, in the alternative . . . assign a special prosecutor or convene a grand jury to investigate these crimes." (ECF 1 at ¶ 2). As in his prior action, this Court notes that Petitioner's allegations against Respondents describes an elaborate criminal conspiracy against him. While this Court must accept Petitioner's allegations as true, at this stage of the

6

litigation, the Petition is, however, replete with conclusory allegations of wrongdoing that lack any factual substance from which to discern any viable claims against Respondents.

Even construing Petitioner's allegations liberally, as this Court must because of his *pro se* status, Petitioner's allegations of the existence of a vast intricate conspiracy that includes, *inter alia*, secret societies, the mob, and the government, "make[] no sense" and cannot withstand Respondents' challenge to subject-matter jurisdiction. *See Lewis v. Pennsylvania*, 2020 WL 1158713, at *1 (E.D. Pa. Mar. 10, 2020). Importantly, it is difficult to discern from Petitioner's allegations how Respondents are related to the alleged criminal conspiracy, how the conspiracy functioned, and how the relief Petitioner seeks—even if this Court had the authority to grant it—would redress the apparent harms claimed. This Court again cannot find any viable federal action in the Petition that would entitle Petitioner to the *mandamus* relief he seeks. As such, this Court does not possess jurisdiction nor the authority to provide the relief Petitioner seeks. Petitioner's "[c]laims [are] grounded in 'bizarre conspiracy theories, government manipulations of the mind, or supernatural intervention' [are] prime candidates for jurisdictional dismissals." *Mina v. Chester Cnty.*, 2015 WL 6550543, at *8 (E.D. Pa. Oct. 29, 2015), *aff'd*, 679 F. App'x 192 (3d Cir. 2017) (quoting *Weisser v. Obama*, 2013 WL 4525319, at *1 (D.D.C. Aug. 27, 2013)).

Petitioner also seeks witness protection for him and his family. This Court has no authority to order the witness protection relief Petitioner seeks. The authority to provide witness protection "for the health, safety, and welfare of Government witnesses and their families" properly belongs with the United States Marshals Service, not the Court. 28 C.F.R. § 0.111(c). *Givey v. Dep't of Just., E. Dist. of PA*, 2023 WL 4551569, at *3 (E.D. Pa. July 14, 2023), *aff'd sub nom. Givey v. United States Dep't of Just.*, 2023 WL 8889553 (3d Cir. Dec. 26, 2023), *cert. denied sub nom. Givey v. Dep't of Just.*, 145 S. Ct. 179 (2024).

Lastly, Petitioner is espousing the same or similar conspiracy theories he espoused in his prior complaint which was dismissed for a lack of subject matter jurisdiction, *see Givey v. Dep't of Just., E. Dist. of PA*, 2023 WL 4551569, at *1 (E.D. Pa. July 14, 2023). That dismissal was affirmed by the Third Circuit Court of Appeals ("Third Circuit"), *Givey v. United States Dep't of Just.*, No. 23-2330, 2023 WL 8889553, at *1 (3d Cir. Dec. 26, 2023), *cert. denied sub nom. Givey v. Dep't of Just.*, 145 S. Ct. 179 (2024). Much of the Third Circuit's reasoning therein is applicable to this case and motion and will be incorporated herein:

> "Givey has undoubtedly had many struggles over the last [decade] involving, among other things, his doctoral program, his family, his job, his application for disability benefits, his attorneys, and his rental properties. But given his efforts to weave these allegations into a vast conspiracy against him, as well as the outlandish nature of some of his claims (such as a secret society spending eight years hiring Givey's friends and family in order to turn those people against him), we agree that his petition was so insubstantial as not to present a federal case or controversy. Thus, the District Court lacked subject matter jurisdiction and therefore lacked the power to adjudicate Givey's *mandamus* petition.

*Givey*, 2023 WL 8889553, at *2. As with Petitioner's prior case, here, it is difficult to discern from Petitioner's allegations how any named party is related to the alleged criminal conspiracy, how the conspiracy functioned, and how the relief Petitioner seeks — even if this Court had the authority to grant it — would redress the harms claimed. As with his prior case, this Court is unable to unearth any viable federal cause of action in the Petition that would entitle Petitioner to relief.[3]

---

[3] The Court need not reach the issues of *res judicata* or Respondents' claim for dismissal under Rule 12(b)(6) as it finds it lacks subject matter jurisdiction under Rule 12(b)(1) and otherwise lacks the power to grant Petitioner the relief he seeks.

**CONCLUSION**

For the reasons set forth, Respondents' motion to dismiss is granted and the Petition for a writ of mandamus is dismissed in its entirety for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion follows

*NITZA I. QUIÑONES ALEJANDRO*, J.